UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLIE E. BERRY, JR. (#354431)** | **CIVIL ACTION** |
| **VERSUS** | |
| **MAJOR NICHOLAS J. SANDERS** | **NO. 17-0318-BAJ-EWD** |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on January 11, 2018.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**WILLIE E. BERRY, JR. (#354431)**                    **CIVIL ACTION**

**VERSUS**

**MAJOR NICHOLAS J. SANDERS**                    **NO. 17-0318-BAJ-EWD**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On June 7, 2017, the Court entered an Order (R. Doc. 3) granting Plaintiff's Motion to Proceed *In Forma Pauperis* in this case and directing Plaintiff to pay to the Clerk of Court, within twenty-one (21) days, an initial partial filing fee in the amount of $ 4.47 or this action could be dismissed. The Court's Order specifically advised Plaintiff that it was his responsibility to pay the initial partial filing fee and that the prison would **NOT** forward payment of the initial partial filing fee without Plaintiff's written authorization. Plaintiff thereafter failed to comply with the Court's directive and instead filed a Motion contesting same. *See* R. Doc. 4. The Court responded to Plaintiff's Motion on August 10, 2017 by issuing a Ruling explaining and clarifying the legal and statutory basis for the assessment of the initial partial filing fee. *See* R. Doc. 5. The Court specifically noted, in doing so, that the Ruling should not be construed "as excusing Plaintiff from his obligation to pay the initial filing fee as ordered." *See id*. Finally, pursuant to Order dated October 3, 2017 (R. Doc. 6), the Court granted Plaintiff an extension of time of fourteen days within which to pay the initial partial filing fee. *See* R. Doc. 6. The Court again advised Plaintiff that a failure to pay the initial partial fee within the time allowed "may result in a dismissal of Plaintiff's action without further notice from the Court." *See id*.

Despite notice and an opportunity to appear, Plaintiff has failed to comply with the Court's Orders and has failed to provide any explanation for his failure to pay the Court's initial partial filing fee. Accordingly, it is appropriate that Plaintiff's action be dismissed, without prejudice, because of his failure to pay the initial partial filing fee or comply with the Court's Orders.

RECOMMENDATION

It is recommended that the above-captioned proceeding be dismissed, without prejudice, for failure of Plaintiff to pay the initial partial filing fee ordered by the Court.[1]

Signed in Baton Rouge, Louisiana, on January 11, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

1    Plaintiff is advised that during the 14-day period allowed to him to object to this Report and Recommendation, he may either pay the assessed initial partial filing fee in the amount of $4.47 or, in lieu thereof, may seek to show the Court that he has been unable to pay the initial partial fee during the entirety of the period since the Court's initial Order assessing same in June 2017. Plaintiff may make this showing by attaching to his response copies of his inmate account transaction statements showing the daily account activity in his inmate drawing, savings and reserve accounts for the months of June 2017 through the date of Plaintiff's response, including deposits into, withdrawals from, and balances in these accounts. Plaintiff is advised that Canteen Log statements that do not contain the relevant information will not be considered sufficient to make the required showing.