UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WILLIE E. BERRY, JR.                                         CIVIL ACTION

VERSUS

NICHOLAS J. SANDERS                                  NO.: 17-00318-BAJ-EWD

## RULING AND ORDER

Before the Court is *pro se* Plaintiff's **Motion for Reconsideration (Doc. 11)**. The Report and Recommendation, which was entered into the record on January 11, 2018, notified the parties that, pursuant to 28 U.S.C. § 636(b)(1), they had fourteen (14) days from the date they received the Report and Recommendation to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. (Doc. 8 at p. 1). Plaintiff filed his objection on February 1, 2018,[1] seven days late—objections were due by January 25, 2018. (*see* Docs. 8, 10).

I.  BACKGROUND

In a footnote, the Magistrate Judge advised Plaintiff that during the 14-day period allowed to him to object to the Report and Recommendation, he may either pay the assessed initial partial filing fee in the amount of $4.47 or, in lieu thereof, may seek to show the Court that he has been unable to pay the initial partial fee during the entirety of the period since the Court's initial Order assessing same in June 2017. (Doc. 8 at p. 3, n. 1). The Magistrate Judge further advised that Plaintiff may make

---

[1] Likewise, the "Legal Programs Department" at the Louisiana State Penitentiary stamped the response RECEIVED on February 1, 2018. (Doc. 10 at p. 1).

this showing by attaching to his *response* copies of his inmate account transaction statements showing the daily account activity in his inmate drawing, savings and reserve accounts for the months of June 2017 through the date of Plaintiff's *response*, including deposits into, withdrawals from, and balances in these accounts. (*Id.*) (emphasis added). Plaintiff was further advised that Canteen Log statements that do not contain the relevant information would not be considered sufficient to make the required showing. (*Id.*).

The Court adopted the Report and Recommendation on January 30, 2018, and dismissed the case without prejudice due to Plaintiff's failure to pay the initial partial filing fee, and due to Plaintiff's failure to respond within the allotted fourteen days. (Doc. 9). Plaintiff now asserts that he received the Report and Recommendation on January 23, 2018 (Doc. 11 at p. 2), and that he intended for the Court to take the required financial records "into consideration prior to [the] Court reaching a final decision on the instant matter," while citing to the aforementioned footnote in the Report and Recommendation. (Doc. 10 at p. 2). On January 24, 2018, Plaintiff asserts that he "had written to the responsible agency (Inmate/Offender Banking) . . . endeavoring to obtain the necessary information [, but] said agency has failed to respond/provide-the-entitled-to-information." (*Id.; see also* Doc. 10-1). Plaintiff has since received correspondence from "Offender Banking," which is attached as an exhibit to his Motion for Reconsideration, indicating to the Court that he has been unable to pay the initial partial fee during the entirety of the period since the Court's initial Order assessing same in June 2017. (Doc. 11-1).

2

## II. APPLICABLE LAW

The Court of Appeals for the Fifth Circuit has held that when a prisoner has not complied with a district court's initial partial filing fee order within the applicable time period,

> the district court should take reasonable steps to ascertain whether the prisoner has complied with the order by allowing objections to a magistrate judge's report, issuing a show-cause order, communicating by telephone, fax, or e-mail with officials of the custodial institution, issuing an order to the custodial institution, or using any other method designed to obtain the relevant information. Any inquiry and any response should be made a part of the record to allow this court to review any subsequent dismissal. When a prisoner is allowed to file a response to a magistrate judge's report or a show-cause order, a sworn affidavit or unsworn declaration made under penalty of perjury setting forth the details of his compliance or copies of any relevant consent forms ordinarily will be sufficient to avoid dismissal for failure to comply with an initial partial filing fee order.

*Hatchet v. Nettles*, 201 F.3d 651, 654 (5th Cir. 2000) (internal citations omitted); *see also Davidson v. Buchanan*, 137 F. App'x. 659, 661 (5th Cir. 2005). Here, the record indicates that the Court ordered Plaintiff to pay an initial partial filing fee of $4.47 on June 7, 2017. (Doc. 3). Plaintiff then filed a "Motion to Correct and/or Resolve Magistrate Judge's Order on a Dispositive Matter" on June 15, 2017, in which he requested clarification on the basis for the Court's assessment of the initial partial filing fee. (Doc. 4). After the Court held that Plaintiff was entitled to such an explanation (Doc. 5), the Magistrate Judge granted Plaintiff an extension of time of fourteen days from October 3, 2017, to pay the $4.47, and advised Plaintiff that failure to pay may result in a dismissal. (Doc. 6). The Magistrate Judge issued the Report and Recommendation on January 11, 2018, recommending dismissal due to Plaintiff's

3

failure to pay. (Doc. 8). Without further inquiry, the Court adopted the Report and Recommendation on January 30, 2018 (Doc. 9); and as provided above, Plaintiff filed an untimely objection on February 1, 2018. (Doc. 10).

Nonetheless, because Plaintiff asserts that he did not receive the Report and Recommendation in sufficient time to fully comply with the Magistrate Judge's footnote within the fourteen day response period, and because he filed his objection within fourteen days of his receipt of the Report and Recommendation thereby making a good faith effort to comply with the Court's order, and due to his attached correspondence from "Offender Banking" demonstrating to the Court that he has been unable to pay the initial partial fee during the entirety of the period,[2] the Court grants the Motion for Reconsideration. *See e.g., Hatchet*, 201 F.3d at 652 ("it is an abuse of discretion for a district court to dismiss an action for failure to comply with an initial partial filing fee order without making some inquiry regarding whether the prisoner has complied with the order by submitting any required consent forms within the time allowed for compliance.").

Accordingly,

**IT IS ORDERED** that the **Motion for Reconsideration (Doc. 11) is GRANTED.**

---

[2] Plaintiff provided correspondence from Offender Banking indicting that "[t]here has been no activity on [his] account from June 2017 to present." (Doc. 11-1). Because this did not provide sufficient information regarding the balance (past or present) on the account, the Court made an independent inquiry and discovered that Plaintiff has been unable to pay the initial partial fee during the entirety of the period, that is, he has had $0.00 in his account since June 2017.

4

IT IS FURTHER ORDERED that the **Ruling and Order Adopting the Report and Recommendation (Doc. 9)** is hereby **VACATED**.

IT IS FURTHER ORDERED that the above-captioned matter be **REFERRED** to the United States Magistrate Judge for further proceedings.

Baton Rouge, Louisiana, this 26th day of February, 2018.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA