## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**WILLIE E. BERRY, JR. (#354431)**              **CIVIL ACTION NO.**

**VERSUS**                                                              **17-318-BAJ-EWD**

**NICHOLAS J. SANDERS**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on February 14, 2020.

*/s/ Erin Wilder-Doomes*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**WILLIE E. BERRY, JR. (#354431)**              **CIVIL ACTION NO.**

**VERSUS**                                      **17-318-BAJ-EWD**

**NICHOLAS J. SANDERS**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is a Motion for Summary Judgment[1] ("Motion"), filed on behalf of Nicholas J. Sanders ("Defendant"). The Motion is opposed.[2] For the following reasons, the undersigned recommends the Motion be denied.

**I.  Background**

Willie E. Berry, Jr. ("Plaintiff"), an inmate confined at the Louisiana State Penitentiary ("LSP") in Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Defendant in Defendant's official and individual capacities.[3] Plaintiff has alleged two instances of excessive force, the second of which Plaintiff contends also constitutes retaliation, in violation of his First, Eighth, and Fourteenth Amendment rights.[4] Plaintiff also alleges state law tort claims.[5] This Court previously granted in part a Motion to Dismiss,[6] dismissing only Plaintiff's claims for monetary damages against Defendant in his official capacity.[7] Plaintiff's claims for injunctive relief, as well as his claims for monetary damages against Defendant in his individual capacity, remain in the suit.

---

[1] R. Doc. 42.
[2] R. Doc. 43.
[3] R. Doc. 1.
[4] R. Doc. 1, ¶ 1.
[5] R. Doc. 1, ¶ 1.
[6] R. Doc. 19.
[7] R. Doc. 29.

## II.  Law & Analysis

### A. Summary Judgment Standard

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law.[8] A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact.[9] If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor.[10] Rule 56 requires that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.[11] In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes.[12]

### B. Qualified Immunity

Defendant alleges he is entitled to qualified immunity. The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks.[13] Viewing the facts in the light most favorable to the plaintiff, the Court considers whether the defendant's conduct violated the plaintiff's constitutional rights and

---

[8] Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).
[9] *Celotex Corp.*, 477 U.S. at 323.
[10] *Anderson*, 477 U.S. at 248.
[11] *Celotex*, 477 U.S. at 323.
[12] *International Shortstop, Inc. v. Rally's, Inc*., 939 F.2d 1257, 1263 (5th Cir. 1991).
[13] *Huff v. Crites*, 473 F. App'x. 398 (5th Cir. 2012).

2

whether the rights allegedly violated were clearly established at the time the violation occurred. Courts have discretion to decide which of the two prongs of the analysis to address first. [14] This inquiry is undertaken in light of the specific context of the case, not as a broad, general proposition. The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation he confronted. The assertion of the qualified immunity defense alters the summary judgment burden of proof.[15] Once a defendant pleads qualified immunity, the burden shifts to the plaintiff, who "must rebut the defense by establishing that the official's allegedly wrongful conduct violated clearly established law and that genuine issues of material fact exist regarding the reasonableness of the official's conduct."[16] Based on the qualified immunity analysis that follows, the Defendant's Motion should be denied.

### 1. Excessive Force

Corrections officers are faced with myriad situations where they must exercise discretion, including situations where they must choose whether to exercise force against a prisoner. When force is used, a corrections officer must also exercise discretion to determine the appropriate amount of force.[17]

Force is considered excessive and violates the Eighth Amendment of the United States Constitution if it is applied maliciously and sadistically for the purpose of causing harm rather than

---

[14] *Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (concluding that the rigid protocol mandated in *Saucier v. Katz*, 533 U.S. 194 (2001) – that called for consideration of the two-ponged analysis in a particular order – should not be "regarded as an inflexible requirement").
[15] *Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005).
[16] *Gates v. Texas Department of Protective and Regulatory Services*, 537 F.3d 404, 419 (5th Cir. 2008), *citing Michalik v. Hermann*, 422 F.3d at 262.
[17] *See, e.g., Henry v. North Texas State Hospital*, Civ. Action No. 12-cv-198, at *3, 2013 WL 3870292 (N.D. Tex. July 9, 2013) ("Qualified immunity is available to public officials such as prison guards and state hospital employees who must exercise discretion.")

3

in a good faith effort to maintain or restore discipline.[18] "An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury."[19] The Eighth Amendment's prohibition against cruel and unusual punishment, however, necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that such force is not "repugnant to the conscience of mankind."[20] Factors to be considered in determining whether an alleged use of force is excessive include the extent of injury sustained, if any; the need for the application of force; the relationship between the need for force and the amount of force utilized; the threat reasonably perceived by prison officials; and any efforts made to temper the severity of a forceful response.[21] The law governing excessive force is clearly established; thus, whether Defendant is entitled to qualified immunity turns to the reasonableness of Defendant's conduct.

Through his verified complaint, Plaintiff has presented sufficient evidence that genuine issues of fact exist as to the reasonableness of Defendant's use of force on both July 12, 2016 and October 13, 2016. Verified complaints may be considered as competent summary judgment evidence to the extent the complaint comports with the affidavit requirements of Rule 56.[22] Rule 56, in turn, requires that affidavits "must be made on personal knowledge, set out facts that would be admissible in evidence," and under penalty of perjury.[23]

In his verified Complaint, Plaintiff alleges as follows:

- On July 12, 2016, Defendant was summoned to Plaintiff's cell because of a "minutes-earlier" conflict between Plaintiff and a female nurse, Tequila Parker;[24]

---

[18] *Wilkins v. Gaddy,* 559 U.S. 34, 37 (2010), *quoting Hudson v. McMillian,* 503 U.S. 1, 7 (1992).
[19] *Wilkins*, 559 U.S. at 38.
[20] *Hudson*, 503 U.S. at 10.
[21] *Id.* at 7.
[22] *King v. Dogan*, 31 F.3d 344, 346 (5th Cir.1994).
[23] Fed. Rule Civ. P. 56(c)(4); *King*, 31 F.3d at 346.
[24] R. Doc. 1, ¶¶ 8 & 16.

4

- Defendant ordered Plaintiff to disrobe for a strip search;[25]

- Plaintiff immediately complied with Defendant's order;[26]

- While fully nude and compliant, Defendant discharged burning chemicals onto Plaintiff, while yelling profanities at Plaintiff;[27]

- Defendant then escorted Plaintiff to the shower cell but would not let Plaintiff shower to rid himself of the burning chemicals, despite Plaintiff's pleas;[28]

- Plaintiff lost consciousness and was treated by LSP personnel;[29]

- After nearly five hours passed, Plaintiff was finally given the opportunity to shower;[30]

- The following day, Plaintiff sought medical attention for lingering burning effects of the chemicals and was prescribed pain relief medication;[31]

- On October 13, 2016, Defendant confronted Plaintiff in his cell regarding the grievance filed by Plaintiff related to the July 12, 2016 incident;[32]

- Plaintiff was ordered to step to the cell bars, to which order he immediately complied;[33]

- Defendant proceeded to enter Plaintiff's cell, while Plaintiff was fully compliant, and attacked Plaintiff "with a combination of fist blows" causing visible injuries to Plaintiff;[34]

- Plaintiff sought medical treatment that evening.[35]

---

[25] R. Doc. 1, ¶ 17.
[26] R. Doc. 1, ¶ 17.
[27] R. Doc. 1, ¶¶ 18 & 20.
[28] R. Doc. 1, ¶ 22 & 25.
[29] R. Doc. 1, ¶ 26.
[30] R. Doc. 1, ¶ 28.
[31] R. Doc. 1, ¶ 33.
[32] R. Doc. 1, ¶ 40.
[33] R. Doc. 1, ¶ 44.
[34] R. Doc. 1, ¶¶ 41-42.
[35] R. Doc. 1, ¶ 44.

On the other hand, the pertinent facts as stated by Defendant, in his affidavit,[36] are as follows:

- On July 12, 2016, Defendant responded to a request for assistance;

- When Defendant entered the tier, he discovered Plaintiff had attempted to grab the wrist of the nurse on duty while she was administering medication and that Plaintiff had thrown a clear liquid substance on the nurse;

- Defendant approached Plaintiff's cell and gave him direct orders to come to the bars to be restrained, but Plaintiff refused all orders while he yelled profanities;

- Defendant retrieved a can of chemical agent, and when he returned to Plaintiff's cell, Plaintiff continued to yell profanities and refuse orders to be restrained;

- After repeated attempts to gain Plaintiff's compliance, Defendant administered only enough chemical agent to gain Plaintiff's compliance and restrain Plaintiff;

- Plaintiff was then placed in the shower cell, offered a shower and clean jumpsuit and Defendant notified medical that Plaintiff needed to be seen;

- With respect to the October 13, 2016 incident, Defendant wholly denies the incident occurred.

Relative to the July 12, 2016 incident, Plaintiff has submitted sworn testimony that he fully complied with Defendant's orders, but while fully nude and compliant, Defendant sprayed Plaintiff with a noxious chemical. This evidence is sufficient to overcome Defendant's assertion of qualified immunity regarding this incident. Defendant attempts to excuse the use of force by emphasizing that he was called to Plaintiff's cell because of Plaintiff's assault on another staff member. However, if the conflict with Nurse Parker had ceased before Defendant's use of force,

---

[36] R. Doc. 42-2.

6

as alleged, a genuine issue of fact exists as to whether Defendant's actions were a good faith effort to restore discipline.

With respect to the second instance of alleged excessive force on October 13, 2016, Plaintiff says the use of force was unprovoked. According to Plaintiff, Defendant confronted Plaintiff regarding grievances filed by Plaintiff.  When Defendant ordered Plaintiff to come to the bars of the cell, Plaintiff states that, although Plaintiff immediately complied, Defendant attacked Plaintiff without provocation.  Defendant does not even address Plaintiff's claim of excessive force related to the October 13, 2016 incident in his Motion, and Defendant's affidavit in support of the Motion simply denies that the incident took place—a disputed question of fact.

Defendant also argues that because the Plaintiff was not injured, he cannot state a claim for excessive force.  This is an incorrect assertion. First, as stated above "[a]n inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury."[37]  Further, Plaintiff alleged in his verified complaint that the chemicals burned through the day following the first incident,[38] he passed out,[39] he was prescribed pain relief medications,[40] and he sought medical attention following the second incident for injuries sustained.[41]  Plaintiff's sworn statement attesting that he did receive injuries, though they may have been minor, renders this argument meritless.[42]

### 2. Retaliation

Defendant has failed entirely to address Plaintiff's claim of retaliation.  It is well-established that prison officials may not retaliate against a prisoner for exercising his constitutional

---

[37] *Wilkins*, 559 U.S. at 38.
[38] R. Doc. 1, pp. 14-16.
[39] R. Doc. 1, p. 14.
[40] R. Doc. 1, p. 16.
[41] R. Doc. 1, p. 19.
[42] Medical records submitted by Defendant also show that Plaintiff received medical treatment related to the first incident.  *See* R. Docs. 42-6, p. 16.

7

rights.[43] Moreover, the taking of action against an inmate in retaliation for the inmate's exercise of his First Amendment constitutional rights is a violation of the inmate's constitutional rights.[44] Specifically, prison officials are not allowed to retaliate against an inmate because of the inmate's exercise of his right to complain to supervisory officials about the alleged wrongful conduct of prison security officers. However, since claims of retaliation are not favored, it is the plaintiff's burden to provide more than mere conclusory allegations of retaliation:

> To state a claim of retaliation an inmate must ... be prepared to establish that but for the retaliatory motive the complained of incident ... would not have occurred. This places a significant burden on the inmate.... The inmate must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be inferred.[45]

Further, to sustain a showing of a constitutional violation, the plaintiff must assert more than a *de minimis* or inconsequential retaliatory adverse act.[46]

Here, Defendant allegedly used excessive force against Plaintiff on July 12, 2016; in response to which, Plaintiff filed a grievance. Plaintiff also alleges that after the July incident, Defendant offered Plaintiff special favors in exchange for Plaintiff's agreement not to file a grievance against Defendant, which offers Plaintiff rejected.[47] Thereafter, on October 13, 2016, after confronting Plaintiff regarding his grievance, Defendant beat Plaintiff, allegedly without reason. Defendant avers he is entitled to summary judgment but wholly fails to address Plaintiff's timeline of events or the second alleged act of excessive force occurring on October 13, 2016. In contrast, Plaintiff has sufficiently presented facts indicating a motive and a chronology of events from which retaliation may plausibly be inferred. Plaintiff also alleges visible injuries from the

---

[43] *Gibbs v. King*, 779 F.2d 1040, 1046 (5th Cir. 1986).
[44] *See, Woods v. Smith*, 60 F.3d. 1161, 1164-65 (5th Cir.1995).
[45] *Id.* at 1166.
[46] *Morris v. Powell,* 449 F.3d 682, 684-85 (5th Cir. 2017).
[47] R. Doc. 1, ¶¶ 30-32.

8

October 3, 2016 incident for which he sought medical treatment, *i.e.*, more than an inconsequential retaliatory act. Accordingly, summary judgment should be denied on this claim as well.

## RECOMMENDATION

As genuine issues of material fact exist as to Willie Berry, Jr.'s remaining claims against Nicholas Sanders, **IT IS RECOMMENDED** that Defendant's Motion for Summary Judgment be **DENIED** and that this matter be referred to the magistrate judge for further proceedings.

Signed in Baton Rouge, Louisiana, on February 14, 2020.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**