UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**WILLIE E. BERRY, JR. (#354431)**  **CIVIL ACTION NO.**

**VERSUS**  **17-318-BAJ-EWD**

**NICHOLAS J. SANDERS**

### ORDER

Willie E. Berry, Jr. ("Plaintiff") who is representing himself and is confined at the Louisiana State Penitentiary in Angola, Louisiana, filed this case based on 42 U.S.C. § 1983, alleging violations of his constitutional rights as a result of use of excessive force in two instances, one of which also constituted retaliation by Nicholas J. Sanders, an employee at the Louisiana State Penitentiary.[1] With his Complaint, Plaintiff filed a Motion to Proceed *in Forma Pauperis* (" IFP Motion").[2] The Court previously granted Plaintiff's IFP Motion, but upon further review, it has been determined that Plaintiff is not entitled to proceed as a pauper in this matter because he has accumulated three "strikes" for dismissal of actions or appeals as frivolous, malicious or for failure to state a claim under 28 U.S.C. § 1915(g). Accordingly, the previous Order[3] granting Plaintiff's IFP Motion will be vacated, and the Motion will be denied.

The statute applicable to the granting by federal courts of *in forma pauperis* status to inmates in civil proceedings makes clear that Plaintiff is not entitled to proceed as a pauper in this case. 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1] R. Doc. 1.
[2] R. Doc. 2.
[3] R. Doc. 16. A prior order granting pauper status was vacated in R. Docs. 13 & 16 to change the initial partial filing fee to $0.00. All prior orders regarding Plaintiff's Motion to Proceed *in Forma Pauperis* will be vacated herein.

Plaintiff has, on three or more prior occasions while incarcerated, brought actions or appeals in a federal district court that have been dismissed as frivolous, malicious, or for failure to state a claim.[4]

An inmate who has had three prior "strikes" may still qualify to file a new civil action *in forma pauperis* upon a showing of imminent danger. However, this exception does not provide a basis to avoid application of the three-strikes rule based on allegations of past harm.[5] An inmate who claims the benefit of this exception must also show that the danger faced rises to the level of exposure to a "serious physical injury."[6] The possibility of serious injury at some indefinite point in the future does not constitute the type of emergency envisioned in the exception for imminent danger.[7] The imminent danger claimed by the inmate, moreover, must be real, and not merely speculative or hypothetical.[8]

Plaintiff has not asserted that he is in imminent danger of serious physical injury. Plaintiff, rather, complains solely of past harms occurring in July and October 2016.[9] These allegations of past harms do not meet the imminent danger exception, so Plaintiff must pay the full filing fee.[10]

The express purpose of 28 U.S.C. § 1915(g) is to deter frivolous prisoner filings in federal courts.[11] "The limited exception provided in subsection (g) for imminent danger of serious physical injury operates as a safety valve to ensure that, despite the filing of frivolous lawsuits in the past, an abusive inmate facing future imminent serious physical injury by prison officials will still be able to

---

[4] Cases or appeals filed by the plaintiff which have been dismissed by the federal courts as frivolous or for failure to state a claim include, but are not limited to, *Berry v. Simon, et al.*, 98-cv-1543 (W.D. La.); *Berry v. Foti, et al.*, 00-1752 (E.D. La.); *Berry v. Foti, et al.,* 00-cv-31435 (5th Cir. 2001); and *Berry v. Foti, et al.*, 02-cv-77 (E.D. La.).
[5] *Banos v. O'Guin*, 144 F.3d 883, 884–885 (5th Cir. 1998).
[6] 28 U.S.C. § 1915(g).
[7] *See Heimerman v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003) (holding that "the exception refers to a 'genuine emergency' where 'time is pressing.'").
[8] *Davis v. Stephens*, No. 14–10808, 2015 WL 110445 (5th Cir. Jan. 8, 2015) (allegation that plaintiff might be seriously injured at an indefinite point in the future is insufficient to establish that he was in imminent danger of serious physical injury at the relevant times).
[9] R. Doc. 1.
[10] It is of no consequence that Plaintiff's claims survived summary judgment. § 1915(g) does not provide an exception to the three-strikes rule for potentially meritorious claims; rather, it only provides an exception for a plaintiff who is in imminent danger of serious physical injury.
[11] *Castillo v. Bickham*, No. 14-2917, 2015 WL 251708, at *3 (E.D. La. Jan. 20, 2015), *citing Ball v. Famiglio*, 2015 WL 136568, at *4, *quoting Abdul–Akbar v. McKelvie*, 239 F.3d 307, 318–19 (3d Cir. 2001).

pursue a judicial remedy to prevent such injury."[12]  Plaintiff fails to show that his circumstances warrant an exception.  Because Plaintiff is barred from proceeding *in forma pauperis* in this case, he is required to pay the full amount of the Court's filing fee.

Accordingly,

**IT IS ORDERED** that this Court's prior Orders regarding Plaintiff's Motion to Proceed *in Forma Pauperis*[13] are **VACATED**.

**IT IS ORDERED** Plaintiff's Motion to Proceed *In Forma Pauperis*[14] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff is granted twenty-one (21) days from the date of this Order within which to pay $400.00, the full amount of the Court's filing fee.  The filing fee must be paid in full in a single payment.  No partial payments will be accepted.

**Failure to pay the Court's filing fee within 21 days will result in the dismissal of Plaintiff's action without further notice from the Court.**

Signed in Baton Rouge, Louisiana, on December 3, 2020.

*Erin Wilder-Doomes*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[12] *Castillo*, 2015 WL 251708, at *3.
[13] R. Docs. 3, 13, & 16.
[14] R. Doc. 2.