UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**WILLIE E. BERRY, JR.**                                                     **CIVIL ACTION**

**VERSUS**

**NICHOLAS J. SANDERS**                                            **NO. 17-00318-BAJ-EWD**

RULING AND ORDER

This matter came for a jury trial in June 2022. (Docs. 123, 124). Plaintiff represented himself at trial. After two days of testimony and evidence, the case was submitted to the jury, which returned a verdict in favor of Defendant on all claims. (Doc. 125). Consistent with the jury's verdict, the Court entered final judgment dismissing Plaintiff's action on June 3, 2022. (Doc. 126).

Most relevant here, during the course of trial, it came to light that during discovery the Louisiana Department of Public Safety & Corrections (LDPSC), on behalf of Defendant, produced to Plaintiff *and* the Court two versions of the *same* log book excerpts that differ in multiple material respects. (*Compare* Doc. 31-1 at p. 39, *with* Doc. 37-1 at p. 21). Yet, despite the obvious discrepancies appearing on the face of these documents, LDPSC certified that *each* was a "TRUE AND CORRECT cop[y] of the original[] that [is] maintained at Louisiana State Penitentiary." (*Compare* Doc. 31-1 at p. 1, *with* Doc. 37-1 at p. 1). To his credit, at trial Plaintiff called the jury's attention to these discrepancies by examining Defendant regarding the same.

Now Plaintiff has filed a **Motion For Relief From A Final Judgment (Doc. 132, the "Motion").** Liberally construed, Plaintiff's Motion argues that a new trial

is required because he was "forced to utilize … and/or present material 'fraudulent documents,' to the jury," and because "Defendant also suppressed other material documents during the course of the litigation, … which significantly hampered Plaintiff's ability to prove his case." (Doc. 132 at ¶¶ C-D). Plaintiff's allegations of "fraudulent documents" refer to the log book excerpts identified above. (*See* Doc. 132-1). Plaintiff does not clearly explain what he means when he alleges that Defendants "suppressed other material documents." (*Id.*).

The Court construes Plaintiff's Motion as a motion for new trial under Federal Rule of Civil Procedure ("Rule") 59(a). The U.S. Supreme Court instructs that "[t]he authority to grant a new trial … is confided almost entirely to the exercise of discretion on the part of the trial court." *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36 (1980). The U.S. Court of Appeals for the Fifth Circuit, in turn, has provided the following guidance for determining whether (and when) to grant a new trial:

> A trial judge, on a motion for a new trial, may set aside a verdict and grant a new trial, if in his opinion the verdict is against the clear weight of the evidence or will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict.

*U.S. for Use & Benefit of Weyerhaeuser Co. v. Bucon Const. Co.*, 430 F.2d 420, 423 (5th Cir. 1970).

Here, the Court cannot say that the jury's verdict in favor of Defendant was against the clear weight of the evidence, or resulted in a miscarriage of justice. Indeed, ultimately, the jury's verdict was essentially a credibility determination:

2

Each side presented evidence supporting its account of the facts underlying this dispute, and the jury found Defendant's testimony and evidence more credible than Plaintiff's. The Court will not second-guess the jury's weighing of the evidence based solely on discrepancies in the prison records produced by LDPSC, particularly given that Plaintiff capably examined Defendant regarding the inconsistencies in these records.

In rejecting Plaintiff's request for a new trial, the Court in no way minimizes the seriousness of LDPSC's misconduct in this matter. Rather, the Court simply determines that, in the end, LDPSC's misconduct did *not* prejudice Plaintiff's case, precisely because it was brought to light for the jury's consideration. As set forth in the Court's June 3, 2022 Order to Preserve Evidence (Doc. 127), the Court maintains grave concerns regarding the LDPSC's conduct—particularly because it potentially impacts hundreds of prison litigation cases spread across all sections of this Court—and will address those concerns in separate proceedings.

Accordingly,

**IT IS ORDERED** that Plaintiffs' **Motion For Relief From A Final Judgment (Doc. 132)** be and is hereby **DENIED.**

Baton Rouge, Louisiana, this 7th day of October, 2022

_____
**BRIAN A. JACKSON, JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

3